IN THE SUPREME COURT OF THE STATE OF DELAWARE

DEREK CLIFTON, §
§
  Defendant Below, § No. 279, 2020
  Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID Nos. 0802034693 (N)
§         0709007071 (N)
  Plaintiff Below, §
  Appellee. §
§

Submitted: November 2, 2021
Decided: December 7, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

**O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Derek Clifton, appeals from a Superior Court order dated August 5, 2020, which denied Clifton's successive motion challenging his sentence under Superior Court Criminal Rule 35. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Clifton's opening brief that the appeal is without merit. We agree and affirm.

(2) Clifton has been convicted of various criminal offenses in Pennsylvania and Delaware. In October 2007, a Delaware grand jury indicted Clifton for first-

degree robbery, possession of a deadly weapon during the commission of a felony, and other charges. In March 2008, another Delaware grand jury indicted Clifton for second-degree burglary, second-degree conspiracy, theft, and other charges. In 2008, Clifton also had criminal charges pending in two cases in Pennsylvania. In one of the Pennsylvania cases, Clifton pled guilty in February 2008 and a Pennsylvania court sentenced him to between 215 days and twenty-three months in prison; in the other Pennsylvania case, Clifton pled guilty in May 2008 and a Pennsylvania court sentenced him to between forty-eight and ninety-six months in prison.

(3) In 2011, Clifton was extradited to Delaware under the Uniform Agreement on Detainers to face the Delaware charges. On August 15, 2011, Clifton resolved both Delaware cases by pleading guilty to second-degree robbery, second-degree burglary, and third-degree burglary. In exchange, the State agreed to dismiss all the other charges in the 2007 and 2008 indictments. The Superior Court sentenced Clifton, effective May 23, 2011, to an aggregate of nine years of incarceration, suspended after one year and six months for decreasing levels of supervision. In September 2011, the State requested that the Superior Court modify the effective date of the sentence because, under the Uniform Agreement on Detainers, the time that he was temporarily in Delaware to resolve his Delaware charges could be applied only to his Pennsylvania sentence and not to his Delaware

2

sentence.[1]  Clifton, who was represented by counsel, did not oppose the State's request, and on October 13, 2011, the Superior Court modified the effective date of the sentence to August 15, 2011.  Between January 2012 and December 2018, Clifton resolved additional Pennsylvania charges and was sentenced to additional terms of imprisonment in Pennsylvania.

(4)    Over the years, Clifton has filed numerous motions for correction or modification of sentence and for postconviction relief.  In the order that is the subject of this appeal, the Superior Court denied a motion that the court construed as a motion seeking modification of Clifton's sentence under Superior Court Criminal Rule 35(b).  The court denied the motion as time barred and repetitive.

(5)    We review the denial of a motion under Rule 35 for abuse of discretion.[2] To the extent that the claim involves a question of law, we review the claim *de novo*.[3] A motion to correct an illegal sentence under Rule 35(a) may be filed at any time.[4]

---

[1] *See* 11 *Del. C.* § 2544(f) ("During the continuance of temporary custody or while the prisoner is otherwise being made available for trial as required by this agreement, time being served on the sentence shall continue to run . . . ."); *id.* § 2544(g) ("For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state . . . ."). *See also Frady v. State*, 2008 WL 4286542 (Del. Sept. 16, 2008) ("Under the [Uniform Agreement on Detainers], Frady remained under the jurisdiction of Maryland authorities during the time that he was returned temporarily to Delaware to resolve his pending criminal charges here.  Frady continued to serve his Maryland sentence while he was temporarily in the custody of Delaware authorities under the [Uniform Agreement on Detainers]." (citations omitted)).
[2] *Gladden v. State*, 2020 WL 773290, at *1 (Del. Feb. 17, 2020); *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Fountain*, 2014 WL 4102069, at *1.
[4] Del. Super. Ct. Crim. R. 35(a).

A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[5] The Superior Court will consider a motion to correct a sentence imposed in an illegal manner or for reduction or modification of sentence filed more than ninety days after imposition of sentence only in "extraordinary circumstances" or if the Department of Correction files an application under 11 *Del. C.* § 4217.[6] The Superior Court "will not consider repetitive requests for reduction of sentence."[7]

(6)     On appeal, Clifton argues that the Superior Court erred by modifying his sentence in October 2011 without providing him notice and an opportunity to object. Clifton did not present this claim in his motion to the Superior Court, and the claim is therefore waived absent plain error.[8] We find no plain error. As an initial matter, Clifton's numerous *pro se* filings make clear that he has been aware of the modification since at least 2014, if not earlier, and thus the argument is untimely. Moreover, the record reflects that Clifton's counsel was informed of the State's request for the modification before the Superior Court acted on the request,

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] Del. Super. Ct. Crim. R. 35(b).
[7] *Id.*
[8] Del. Supr. Ct. R. 8.

4

and Clifton's counsel indicated that there was no basis to object. The Superior Court did not err by denying Clifton's untimely claim.[9]

(7)     Clifton also argues that his sentence violated the plea agreement because he agreed to a sentence of eighteen months, effective May 23, 2011. Similarly, he contends that his counsel was ineffective, and the State and the Superior Court misled him at the time of his plea, because they caused him to believe that his Delaware sentence would run concurrently with his Pennsylvania sentence. These claims also provide no basis for reversal. "The proper procedural vehicle for an ineffective assistance of counsel claim is Rule 61, not Rule 35."[10] Moreover, the transcript of the plea colloquy and sentencing reflects that the parties understood at the time of sentencing that the time that Clifton served in Delaware between his extradition and his Delaware sentencing would be credited to only his Delaware or his Pennsylvania sentence, not both.[11] The Superior Court did not err by denying Clifton's untimely, repetitive motion.

---

[9] *See Hall v. State*, 2010 WL 3222441, at *1 (Del. Aug. 16, 2010) ("Finally, the record before us reflects that counsel for Hall was provided a copy of the amended sentencing order and offered no objection to it. As such, we conclude that the Superior Court properly denied Hall's motion for sentence modification.").

[10] *Davis v. State*, 2016 WL 358965, at *2 (Del. Jan. 28, 2016).

[11] Exhibit C to Opening Brief, at 12:2-13:2.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*Tamika R. Montgomery-Reeves*
Justice